IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,619-01






EX PARTE HENRY CLEVELAND WEBB, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-213-008691-0353199 IN THE 213TH DISTRICT COURT


FROM TARRANT COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to ten (10) years' imprisonment. 

 Applicant alleges that he was informed that his maximum expiration date for this offense was
January 13, 2009, when he was released on mandatory supervision in 2008. He alleges that he never
violated the terms of his supervised release but that his date has maximum expiration has 
nonetheless been moved to January 13, 2010. He alleges that it was unlawful for the TDCJ to extend
the term of his sentence. Applicant has alleged facts that, if true, might entitle him to relief. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit listing Applicant's sentence begin date and the dates of issuance of any parole-revocation
warrants leading to the revocation of such parole or mandatory supervision. The affidavit shall state
the dates Applicant was released on mandatory supervision and the dates Applicant's mandatory
supervision release was revoked. The affidavit shall state whether the TDCJ informed Applicant that
his projected maximum expiration date was January 13, 2009, when the TDCJ released him on
mandatory supervision in 2008 and, if so, whether the aforementioned projected maximum
expiration date was accurate. The affidavit shall state whether Applicant's projected maximum
expiration date has been moved to January 13, 2010, and, if so, why the projected maximum
expiration date has been moved. 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to the dates Applicant was placed on mandatory
supervision release and the dates Applicant's mandatory supervision release was revoked. The trial
court shall make findings of fact as to whether the TDCJ informed Applicant that his maximum
expiration date was January 13, 2009, when the TDCJ released him on mandatory supervision in
2008 and, if so, whether the aforementioned projected maximum expiration date was accurate. The
trial court shall make findings of fact as to whether Applicant's projected maximum expiration date
has been moved to January 13, 2010, and, if so, why the projected maximum expiration date has
been moved. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 18, 2009

Do not publish